## In re HURLEY.

(District Court, D. Minnesota, Third Division. December 28, 1926.)

No. 3810.

Bankruptcy ☞314(1)—Creditor, which made bankrupt its agent to sell pledge held as collateral to his note, was required to credit its proceeds on the note.

A bank holding a pledge as collateral to bankrupt's note, which delivered it to him to sell and apply the proceeds on the note, made him its agent, and where he sold the pledge for sufficient to pay the note, but retained the proceeds, the note was extinguished as relates to other creditors, and cannot be proved against the estate in bankruptcy.

In Bankruptcy. In the matter of Stephen T. Hurley, trading as the Hurley Jewelry Company, bankrupt. On review of order of referee. Reversed.

This matter came on to be heard on the 4th day of December, 1926, at a special term of this court, upon a petition for a review of an order made by the referee in bankruptcy on the 19th day of October, 1926.

William P. O'Brien, of St. Paul, Minn., for petitioner.

John A. Burns, of St. Paul, Minn., opposed.

JOHN B. SANBORN, District Judge. From the findings made by the referee it appears: That on the 26th day of October, 1925, Stephen T. Hurley executed a note for the sum of $1,100, payable to the Security State Bank on the 1st day of January, 1926, with interest at the rate of 6 per cent. per annum. That under a collateral agreement, attached to the note, Hurley transferred and delivered to the bank, as security for its payment, one large diamond ring and one diamond stud. That under the agreement the bank had the right to sell and dispose of the collateral and apply the proceeds toward the payment of the note. That some time thereafter the bank delivered the collateral to Hurley, and authorized him to sell it, with the understanding that the proceeds of the sales were to be paid over to the bank and applied in payment of the note. That Hurley sold the large diamond for $800, and the small one for $350, but did not apply the proceeds of the sales to the payment of the note. That the money so secured by Hurley "seems to have been paid to bankrupt's creditors, or used in his business." That no payments have been made on the note.

On the 15th day of January, 1926, Hurley was adjudged a bankrupt. The bank filed its claim on the note; the trustee objected to it; the referee allowed it in the sum of $1,100. The correctness of the referee's ruling is challenged by this petition to review. The trustee claims that the bank, having constituted Hurley its agent for the purpose of selling the collateral, cannot be heard to say, as against his other creditors, that the note has not been paid by the sale of the collateral. The position of the bank and of the bankrupt is that the note was not paid by the sale of the collateral, and that the bank is in the same position as any other creditor.

If the bank had turned these diamonds over to one of its employees to sell, and the employee had sold the diamonds and had appropriated the proceeds, there could, of course, be no question that the note would have been paid. It is difficult to see how the situation would be changed because Mr. Hurley was permitted to sell them. The bank constituted him its agent for the purpose of disposing of its collateral, and the effect of

the transaction, as to his other creditors, at any rate, would be to wipe out the indebtedness to the bank on the note.

In the Hawkins Case, Fed. Cas. No. 6,244, which involved a chattel mortgage under which the mortgagors had a right to sell the mortgaged property, the court said:

"The mortgagees, however, must be bound by the agreement which they have entered into. They have created the mortgagors their agents, and authorized them to sell the mortgaged property, and account monthly for the proceeds, until the debt is paid. So far as creditors are concerned, the relation of principal and agent must be sustained. The acts of the mortgagors, within the scope of their agency, must be regarded as the acts of the mortgagees, and proceeds of all sales made must be credited pro tanto towards extinguishing the debt." Frederick A. Conkling v. Chester F. Shelly, 28 N. Y. 360, 84 Am. Dec. 348.

The same principle would apply here. The act of Hurley, within the scope of his agency, was the act of the bank, and the proceeds of the sales must be credited upon the note of Hurley. The claim of the bank, if any, against Hurley, is for his failure to account to it for so much of the proceeds of the sales of these diamonds as would have paid the note, and not upon the note itself.

It is ordered that the order of the referee be reversed, and that an order be entered disallowing the claim of the bank.